**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| SIMON B. GRACEY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>)<br>Defendant, )<br>)<br>and )<br>)<br>SEQUOYAH ENTERPRISES, INC., )<br>)<br>Garnishee. ) | Case No. CIV-07-228-M |

## ORDER

Before the Court is defendant's Motion to Dismiss, filed March 26, 2007. Also before the Court is plaintiff's motion for extension of time to respond to defendant's motion to dismiss and motion to amend, filed May 11, 2007.

I.   Introduction

On January 17, 2007, plaintiff filed a Claim for Exemption and Request for Hearing in the District Court of Kingfisher County, State of Oklahoma, in response to a notice of levy. On January 29, 2007, plaintiff moved for an injunction against defendant "to stop all garnishment action being done by my private employer (SEI)." Motion for injunction [docket no. 1-7]. On February 23, 2007, defendant removed this action to this Court.

Plaintiff claims that all the money his employer owes him for his services and labor are exempt from levy, garnishment, and seizure by defendant Internal Revenue Service ("IRS"). Plaintiff asserts that the IRS's notice of levy is fraudulent and unlawful because the IRS did not get a court order prior to compelling his employer to surrender his property for the payment of taxes.

Plaintiff further claims that he is "a National Free Born Citizens [sic], for the Oklahoma State, a Republic of several states and not an emergency Federal citizen of the U.S., not a subject of the District of Columbia, and not obligated to pay income tax." Claim at 1-3 [docket no. 1-6]. Claiming an undue hardship, plaintiff requests that the "stolen monies" be returned and that the Court enjoin the IRS from further collection of his taxes.

II.     Motion for extension of time/motion to amend

Plaintiff has filed a motion for extension of time and a motion to amend. In his motion, however, plaintiff provides no reason as to why he needs an extension of time to respond to defendant's motion to dismiss and, in fact, argues the merits of his claim. Because plaintiff has not shown good cause for any extension of time, the Court finds that his motion for extension of time should be denied.

Plaintiff also moves to amend his Claim. However, in his motion, plaintiff provides no reason or basis for the Court to grant him leave to amend his Claim and provides no information as to how he wishes to amend his Claim. Because, as set forth below, sovereign immunity bars plaintiff's request for a return of funds and the Anti-Injunction Act, 26 U.S.C. § 7421(a), bars plaintiff's request for an injunction, the Court finds that any amendment to plaintiff's Claim would be futile. Accordingly, the Court finds that plaintiff's motion to amend his Claim should be denied.

III.    Motion to dismiss

A.     Return of funds

Plaintiff seeks a return of the funds his employer sent to the IRS pursuant to the notices of levy presented to his employer. Section 1346(a)(1) of Title 28 of the United States Code provides:

> The district courts shall have original jurisdiction, concurrent with
> the United States Court of Federal Claims, of:

2

> (1) Any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws; . . . .

28 U.S.C. § 1346(a)(1). However, full payment of the income tax assessment is a jurisdictional condition precedent to maintenance of a refund suit in a district court. *Flora v. United States*, 362 U.S. 145, 177 (1960). Additionally, the Internal Revenue Code provides:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a).

Having carefully reviewed plaintiff's Claim and the other pleadings submitted in this case, the Court finds that plaintiff has not alleged that he has fully paid the tax liabilities assessed against him or has filed a claim for refund or credit with the IRS. Accordingly, the Court finds that plaintiff has failed to satisfy the above-referenced jurisdictional prerequisites for filing a suit for a return of funds and that this Court, therefore, lacks jurisdiction.

### B. Injunction

Plaintiff also seeks an injunction against the IRS to stop all garnishment actions. The Anti-Injunction Act, codified within the Internal Revenue Code, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." 26 U.S.C. § 7421(a).

"The statute excepts petitions to the United States Tax Court for a redetermination of a proposed deficiency, 26 U.S.C. §§ 6212(a) and (c), 6213(a), and certain civil suits in the district court, 26 U.S.C. §§ 7426(a) and (b)(1), 6672(b), 6694(c) and 7429(b)." *Lonsdale v. United States*, 919 F.2d 1440, 1442 (10th Cir. 1990). Additionally, a judicial exception to the act permits an injunction: "if the taxpayer demonstrates that: 1) under no circumstances could the government establish its claim to the asserted tax; and 2) irreparable injury would otherwise occur." *Id.* (internal quotations and citations omitted).

Having carefully reviewed plaintiff's Claim and the other pleadings submitted in this case, the Court finds that neither the statutory exceptions nor the judicial exception applies in the case at bar. Accordingly, the Court finds that plaintiff's request for an injunction is barred by the Anti-Injunction Act.

IV.     Conclusion

For the reasons set forth above, the Court DENIES plaintiff's motion for extension of time and motion to amend [docket no. 12], GRANTS defendant's Motion to Dismiss [docket no. 8], and DISMISSES this action.

**IT IS SO ORDERED this 29th day of October, 2007.**

*[Signature: Vicki Miles-LaGrange]*
VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE